Kenneth VAUGHAN, Plaintiff–
Appellant,

v.

M. ERNO, Corrections Officer at Mt. McGregor Correctional Facility; Eugene Furforo, Corrections Officer at Mt. McGregor Correctional Facility; Lt. Henry, Corrections Officer at Mt. McGregor Correctional Facility; E.W. Jones, Superintendent at Mt. McGregor Correctional Facility, Defendants–
Appellees.

No. 00–264.

United States Court of Appeals,
Second Circuit.

May 18, 2001.

Kenneth Vaughan, Malone, NY, pro se.

Martin A. Hotvet, Assistant Solicitor General; Eliot Spitzer, New York State Attorney General, Nancy A. Spiegel, Assistant Solicitor General, on the brief, Albany, NY, for defendants-appellees.

Present LEVAL, POOLER and SACK, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff Kenneth Vaughan, *pro se*, appeals from the August 3, 2000, judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *J.*) granting summary judgment to defendants M. Erno, et al. Judge McAvoy adopted the report and recommendation of Magistrate Judge David R. Homer after considering Vaughan's objections to the report. Generally, Vaughan, who at all relevant times was a prisoner at Mt. McGregor Correctional Facility, claims pursuant to 42 U.S.C. § 1983 that defendants violated his rights under the Fifth, Eighth and Fourteenth amendments to the Constitution when in August 1995 they (1) punished him for refusing to perform extra work on a Sunday in violation of a state regulation; and (2) ordered him to use a cleaning substance during a work detail without protective gear for his hands, causing him to develop eczema. We review the district court's grant of summary judgment *de novo. See Kalwasinski v. Morse*, 201 F.3d 103, 105 (2d Cir.1999).

After conducting disciplinary hearings based on three misbehavior reports related to Vaughan's refusal to work on three separate occasions, defendants sentenced Vaughan to thirty days in keeplock and loss of privileges for each of two misbehavior reports. Vaughan argues that defendants deprived him of due process when they punished him for refusing to work on a Sunday in violation of a state regulation. Violations of state regulations implicate a prisoner's liberty interest only if they "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Putting aside the matter of whether defendants properly punished plaintiff in light of an alleged state regulation regarding Sunday work details, we hold that Vaughan failed to raise an issue of fact that his keeplock confinement constituted denial of a due process right because he did not allege any adverse conditions of the confinement other than its duration. *See Sealey v. Giltner*, 197 F.3d 578, 587–89 (2d Cir.1999) (holding that confinement for 101 days in normal conditions does not give rise to a liberty interest). The district court properly granted summary judgment to defendants on these claims.

Second, Vaughan argues that the conditions of his work detail violated the Eighth Amendment because defendants required him to use soap that irritated his skin. In order to prevail on this issue, plaintiff must show that the conditions of his confinement resulted in a serious deprivation of basic human needs and that prison officials acted with deliberate indifference when they imposed the conditions. *See Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir.1996). Assuming that Vaughan raised an issue of fact regarding serious harm, we nonetheless find that plaintiff failed to

show that defendants acted with deliberate indifference. To the contrary, Vaughan admits that defendant M. Erno allowed Vaughan to use hot water to complete his cleaning task after Vaughan complained that the soap solution irritated his hands. The district court therefore properly granted summary judgment to defendants.

We have considered all of plaintiff-appellant's remaining arguments and find them to be without merit.